UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAG WEST, LLC, et al.,

        Petitioners,

v.

PATRICK MALONE,

        Respondent.

Case No. 15-cv-03827-TEH

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Petitioners' motion to compel the arbitration of Respondent's claims. After carefully reviewing the parties' written arguments, the Court found this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). Petitioners' motion to compel arbitration is hereby GRANTED, for the reasons set forth below.

**BACKGROUND**

Petitioner KAG West, LLC is a subsidiary of Petitioner Kenan Advantage Group, Inc., a transportation and logistics company (together, "Petitioners"). Mot. at 1 (Docket No. 9). Respondent Patrick Malone ("Respondent") worked as a truck driver for Petitioners for approximately 20 months, beginning in late April 2013. Opp'n at 2 (Docket No. 19). When Respondent began work, he signed a "Binding Arbitration Agreement," which provided, in pertinent part:

> In the unlikely event of a dispute between myself and KAG WEST, its employees or agents having anything to do with my employment or separation from employment, we agree that all such claims will be settled by binding arbitration by a neutral arbitrator under the rules of the American Arbitration Association (AAA) and any procedures required by law.

Mot. at 2; Burnsworth Decl. Ex. A; Opp'n at 3. The arbitration agreement also contained a provision that expressly informed Respondent that (1) he had seven days from receipt of

the agreement to consult with counsel of his choosing; (2) the agreement was expressly voluntary and revocable; and (3) his decision to sign or not sign the agreement would not affect the decision to hire him or his employment status.  Mot. at 2-3.

On July 22, 2015, Respondent sent a demand letter, through counsel, to Petitioner Kenan Advantage Group, which alleged various wage and hour violations under the California Labor Code, the Federal Fair Labor Standards Act, and the California Private Attorney General Act ("PAGA"), and requested a response by August 24, 2015.  Mot. at 3-4; Musacchia Decl. Ex. A.  In response, Petitioners filed a petition to compel arbitration on August, 21, 2015, which is identical to the motion at issue in this order.  Petition to Compel (Docket No. 1).

On September 1, 2015, Respondent filed a separate class action complaint in state court, which Petitioners removed to this Court.  On September 14, 2015, Respondent filed a motion to dismiss for lack of subject matter jurisdiction in the instant case, but withdrew the motion eight days later, after stipulating to administratively relate the two cases.  Mot. to Dismiss (Docket No. 16), Withdrawal (Docket No. 22).  The only remaining motion is Petitioners' motion to compel arbitration.

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce.  *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2.  Section 4 of the FAA ensures that "private agreements to arbitrate are enforced according to their terms."  *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).  Accordingly, a party to an arbitration agreement can petition a United States District Court for an order directing that "arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  Additionally, the FAA contains a mandatory stay provision.  *Id.* § 3.

Under the Federal Arbitration Act (FAA), a court must compel arbitration where: (1) A valid agreement to arbitrate exists; and (2) The dispute falls within the scope of that

2

agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).[1] "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Where parties have agreed to arbitrate, courts apply a presumption of arbitrability as to particular grievances, "and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atlantic-Pacific Capital, Inc.*, 497 Fed.Appx. 740, 742 (9th Cir. 2012) (internal citations omitted). Courts should therefore "construe ambiguities concerning the scope of arbitrability in favor of arbitration . . . ." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 66 (1995).

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he FAA's purpose is to give preference (instead of mere equality) to arbitration provisions." *Mortensen v. Bresnan Communications, LLC*, 722 F.3d 1151, 1160 (9th Cir. 2013). Nonetheless, arbitration "is a matter of consent, not coercion." *Volt*, 489 U.S. at 479. In accordance with this principle, the Supreme Court has held that parties may agree to limit the issues subject to arbitration, and to arbitrate according to specific rules. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985); *Volt*, 489 U.S. at 479.

"Absent some ambiguity in the agreement . . . it is the language of the contract that defines the scope of disputes subject to arbitration." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (internal citations omitted). Consequently, a court should look first to whether the parties agreed to arbitrate the dispute, not to general policy goals. *Id.* at

---

[1] The Court notes that Petitioners argue in the alternative that arbitration should be compelled under the California Arbitration Act ("CAA"), California Code of Civil Procedure § 1280 *et seq*. Mot. at 12-14; Reply at 5-7 (Docket No. 24). However, in light of the Court's disposition of Petitioners' motion to compel arbitration under the FAA, it need not analyze Respondent's claims under the CAA and thus DENIES any such arguments as moot.

294. Ultimately, "[w]hile ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Id.*

**DISCUSSION**

Generally, in deciding whether to compel arbitration, a court must first consider two "gateway" issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute at issue. *Howsam v. Dean Witters Reynolds*, 537 U.S. 79, 84 (2002). However, if the parties "clearly and unmistakably" agreed to delegate the arbitrability of an agreement to an arbitrator, the arbitrator must decide the scope, validity and application of the arbitration provision. *Rent-A-Center West, Inc., v. Jackson*, 561 U.S. 63, 79 (2010) (citing *AT&T Techs., Inc. v. Commc'ns. Workers of Am.*, 479 U.S. 643, 649 (1986)).

As a preliminary matter, Respondent does not challenge the validity of the arbitration agreement at issue. Furthermore, both parties concede that the arbitration agreement delegates threshold questions of arbitrability to the arbitrator. Mot. at 6; Opp'n at 4. Specifically, Petitioners point out the language of Rule 6, stating, "the arbitrator shall have the power to rule on his or her own jurisdiction." AAA Emp't Arbitration Rules & Mediation Procedures, Rule 6, *available at* https://www.adr.org/aaa/faces/.[2] Mot. at 6; Req. for Judicial Notice Ex. A (Docket No. 17).

Petitioners and Respondent agree that there was a "clear and unmistakable" delegation of arbitrability to the arbitrator, because the arbitration agreement expressly incorporated the American Arbitration Association ("AAA") Rules. Mot. at 6; Opp'n at 4.

---

[2] Petitioners request judicial notice of (1) the AAA's Employment Arbitration Rules and Mediation Procedures; and (2) the AAA Supplementary Rules for Class Arbitration. Docket No. 1-6. Petitioners' request refers to the rules that were in effect at the time Respondent signed the arbitration agreement at issue. The Court GRANTS Petitioners' request for judicial notice because the rules can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

4

This Court agrees with the parties, and Ninth Circuit case law supports this conclusion. *See Brennan v. Opus Bank*, 796 F.3d. 1125, 1130 (9th Cir. 2015) ("Now that the questions regarding incorporation of the AAA rules is squarely before us, we hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."); *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074-75 (9th Cir. 2013) ("Virtually every circuit to have considered the issues has determined that incorporation of the [AAA]'s arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.").

Thus, the only remaining issues are whether Respondent's non-PAGA claims should be arbitrated on a class-wide or individual basis, and whether Respondent's representative PAGA claims should be arbitrated.

## I. Whether the Dispute Should Be Arbitrated on an Individual Basis or As a Class Is a Question for the Arbitrator

Petitioners assert that Respondent's claims should be compelled to individual arbitration. Mot. at 7. Petitioners argue that absent an express agreement to submit to class arbitration, Petitioners may not be compelled to arbitrate on a class basis. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l*, 559 U.S. 662, 684 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so.") (emphasis in original). Respondent, on the other hand, argues that parties may implicitly agree to class arbitration simply by not expressly prohibiting it. Opp'n at 7. Both parties interpret the language of the arbitration agreement as supporting their respective positions.

The Court, however, need not delve into the parties' arguments on this point; because the issue of whether a dispute shall be arbitrated on a class-wide or individual basis is one of the aforementioned "threshold" questions reserved for the arbitrator. *See* Supplementary Rules for Class Arbitrations, Rule 3, *available at* https://www.adr.org/aaa/faces/ ("Upon appointment, the arbitrator shall determine as a

1   threshold matter . . . whether the applicable arbitration clause permits the arbitration to

2   proceed on behalf of or against a class. . .").  This point is one on which the parties agree.

3   *See* Mot. at 6; Opp'n at 4.

## II. The Arbitrability of Respondent's PAGA Claims Should Be Decided by the Arbitrator

Lastly, this Court must determine whether Respondent's PAGA claims must be submitted to arbitration along with the other claims.  Petitioners argue that the FAA preempts any state law that interferes with the enforceability of arbitration agreements, and thus, PAGA claims may be arbitrated.  Mot. at 11.  Respondent argues that PAGA claims are brought on behalf of the State of California – not any individual – and the State did not agree to arbitration.  Opp'n at 11.

The Court does not agree with Petitioner's argument that the FAA preempts the issue of the arbitrability of PAGA claims.  Petitioners rely on *AT&T Mobility v. Conception*, 563 U.S. 333 (2011).  However, case law in this district has consistently found that PAGA claims are procedurally and formally different from class actions, which were the focus of the *Conception* Court.  *See, e.g., Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1065 (N.D. Cal. 2015); *Zenelaj v. Handybook, Inc.*, 82 F. Supp. 3d 968, 977 (N.D. Cal. 2015); *Mohamed v. Uber Techs, Inc.*, --- F. Supp. 3d ----, 2015 WL 3749716 (N.D. Cal. June 9, 2015).  Thus, the inconsistencies that prompted the Conception Court to find preemption are simply not present here.

The Court is equally unconvinced by Respondent's argument.  Where, as here, the parties clearly and unmistakably delegate the power to decide arbitrability to an arbitrator, the Court must only determine whether the "assertion of arbitrability is wholly groundless." *Zenelaj,* 82 F. Supp. 3d at 975.  In *Zenelaj*, this Court found that PAGA claims could be arbitrated, despite their "qui tam" nature.  *Id.* at 978-79.  Here, the broad language of the arbitration agreement coupled with the agreement's silence on the issue of representative actions supports Petitioner's argument that Respondent's PAGA claims may

6

1  be arbitrated, at least to the extent that Petitioner's assertion is not wholly groundless.
2  Therefore, the arbitrability of Respondent's PAGA claims, as with Respondent's other
3  claims, is a determination for the arbitrator.

4  Respondent finally argues that "if the Court is inclined to send the PAGA claims to
5  the arbitrator to determine arbitratability, it must make clear in its order that Respondent's
6  representative PAGA claims cannot be waived and the arbitrator can only decide the forum
7  to litigate the representative claims." Opp'n at 5. While this Court agrees that it is well
8  settled that PAGA claims cannot be waived, Respondent goes too far in implying that the
9  claims must be *litigated*.

10  In *Sakkab v. Luxottica Retail North America, Inc.*, the Ninth Circuit affirmed the
11  California Supreme Court's prohibition of PAGA waivers in *Iskanan v. CLS
12  Transportation Los Angeles*, LLC, 59 Cal. 4th 348 (2014), but noted that the *Iskanian*
13  Court "expresse[d] no preference regarding whether individual PAGA claims are litigated
14  or arbitrated," but rather only that "representative PAGA claims may not be waived
15  outright." --- F.3d ----, 2015 WL 5667912 (9th Cir. Sept. 28, 2015); see also *Hernandez*,
16  79 F. Supp.3d at 1067 (unenforceability of PAGA waiver "does not necessarily dictate
17  which forum is proper for their *adjudication*") (emphasis added). Notably, there is no
18  representative waiver at issue in this case.

19  Thus, the arbitrator is not bound to only decide the forum for litigation, but rather
20  must determine the intent of the parties with regard to the arbitration clause and PAGA
21  claims. If the arbitrator decides that the PAGA claims are not arbitrable, the Court will
22  stay those claims pending arbitration of the other claims due to their derivative nature.
23  *Leyva v. Certified Grocrs of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

25  //
26  //
27  //

**CONCLUSION**

In light of the parties' decision to conduct the resolution of their dispute in accordance with the AAA Rules, the Court leaves the question of arbitrability of all of Respondent's claims – including whether such claims must be arbitrated on a class-wide or individual basis – to be decided by the arbitrator in accordance with the clear and unmistakable intent of the parties.  Accordingly, Petitioner's motion to compel arbitration is GRANTED, and all of Respondent's claims are stayed pending a decision by the arbitrator.

The parties shall file a joint statement with ten days of the arbitrator's decision on arbitrability, or by **February 1, 2016**, whichever is sooner.

**IT IS SO ORDERED.**

Dated:   11/03/15                              _____
                                                                THELTON E. HENDERSON
                                                                United States District Judge