UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAG WEST, LLC, et al.,

    Plaintiffs,

v.

PATRICK MALONE,

    Defendant.

Case No. 15-cv-03827-TEH

**ORDER DENYING PETITIONERS' MOTION TO SHORTEN TIME ON PETITIONERS' MOTION TO ENJOIN DUPLICATIVE CLAIMS**

    Before the Court is Petitioners KAG West LLC and the Kenan Advantage Group's ("Petitioners") Motion to Shorten Time, by which Petitioners seek an order advancing the hearing date and reply deadline on their pending Motion to Enjoin. Docket Nos. 35, 34. Having carefully considered the written arguments in support of shortening time, including Petitioners' Notice of Duplicative Action (Docket No. 38) and Respondent Patrick Malone's ("Respondent") Statement of Non-Opposition (Docket No. 36), the Court now DENIES Petitioners' Motion to Shorten Time for the reasons discussed below.

    Petitioners' Motion to Enjoin was filed on April 29, 2016; therefore, the earliest day on which the Motion could be heard is June 6, 2016, *see* Civil L.R. 7-2(a), unless Petitioners demonstrate that it should be heard on shortened time, *see* Civil L.R. 6-3. A party seeking to have a motion heard on shortened time must submit a declaration that, *inter alia*, "[i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time." *See* Civil L.R. 6-3(a)(3). Petitioners seek to have the Motion to Enjoin heard on May 23, 2016.

    The Motion to Shorten Time is supported by the Declaration of Victoria R. Carradero (Docket No. 35-1), which the Court finds is insufficient for the purposes of demonstrating that the Motion to Enjoin should be heard on shortened time. Respondent's counsel informed Petitioners of his intent to file a state court Private Attorney General Act ("PAGA") claim on behalf of James Patrick Souza. According to Petitioners,

Respondent's counsel refused to consolidate Mr. Souza's claim with Respondent's claim in the instant action, which is pending in arbitration and is scheduled for a hearing on the issue of clause construction on June 29, 2016.  The threat of Mr. Souza's claim being filed prompted Petitioners to file the Motion to Enjoin in this Court.

According to Petitioners:

> [I]f the threatened PAGA suit is filed and personally served this week, as Respondent's Counsel's latest communication contemplates, and the motion to enjoin is not heard on shortened time, the deadline for Petitioners to respond will be *prior to* the current June 6, 2016 hearing date on the underlying motion, and the current June 29, 2016 hearing date on the Clause Construction issue.

Carradero Decl. ¶ 6 (emphasis in original).  Respondent's counsel did in fact file Mr. Souza's claim in state court on May 6, 2016, as noted by Petitioners' Notice of Duplicative Action.  Petitioners also contend that Respondent's counsel intends to serve discovery promptly in the state court action; thus, "Petitioners' deadline to respond to the discovery may run *prior to* this Court issuing a ruling on the underlying motion and will run prior to the arbitrator hearing and issuing a ruling on the Clause Construction issue." Carradero Decl. ¶ 7 (emphasis in original).

The Court is not persuaded by Petitioners' argument that substantial harm will result from "having to relitigate the matters decided by this Court" or that "the time and resources of all parties and the courts will be substantially wasted on an entirely duplicative action."  Carradero Decl. ¶ 8.  The emails between Petitioners' and Respondent's counsel demonstrate that there is a dispute as to whether Souza's claim is actually duplicative; thus, this argument is appropriate for the underlying Motion to Enjoin, not as a basis for shortening time.  *See* Ex. A to Carradero Decl.

The Court further finds that, considering the early stage of Mr. Souza's action, the amount of discovery in which Petitioners would have to engage prior to the June 6, 2016 hearing does not amount to substantial injury to warrant the Court shortening time and thus delaying other pending matters.  *See Belinda K. v. Baldovinos*, No. 10-CV-2507-PSG, 2011 WL 335315, at *2 (N.D. Cal. Feb. 1, 2011).

1   Accordingly, the Court finds that Petitioners have not met their burden of
2   demonstrating that they will suffer substantial harm or prejudice by waiting two weeks
3   until the originally noticed hearing date.  Petitioners' Motion to Shorten Time is hereby
4   DENIED.  The briefing schedule and hearing date for Petitioners' Motion to Enjoin will
5   remain as scheduled.[1]

**IT IS SO ORDERED.**

Dated: 05/12/16                              _____
                                             THELTON E. HENDERSON
                                             United States District Judge

---

[1] In Respondent's Statement of Non-Opposition to Petitioner's Motion to Shorten Time, Respondent's counsel indicated that he has a scheduling conflict on June 6, 2016. Non-Opp. St. at 2.  Respondent's counsel also indicated that he would be amenable to delaying the service of discovery, and granting an extension for Petitioners' answer, in the state court action.  *Id.*  The Court encourages the parties to meet and confer on these issues, and stipulate to a later hearing date if necessary.