UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAG WEST, LLC, et al.,

    Petitioners,

v.

PATRICK MALONE,

    Respondent.

Case No. 15-cv-03827-TEH

**ORDER DENYING PETITIONERS' MOTION TO ENJOIN STATE COURT PROCEEDINGS**

    This matter came before the Court on July 11, 2016 for a hearing on Petitioners' motion to enjoin Respondent's counsel and/or their client(s), including but not limited to, James Patrick Souza Jr., from filing and/or prosecuting duplicative claims or actions, or in the alternative, to stay such claims or actions ("Mot."). Docket No. 34. Having carefully considered the parties' written and oral arguments, the Court now DENIES Petitioners' motion for the reasons set forth below.

**BACKGROUND**

    The above-captioned action, as well as the related action *Malone v. KAG West, LLC, et al.*, No. 15-CV-04262-TEH, concerns Respondent Patrick Malone's various wage and hour claims against Petitioners KAG West, LLC and the Kenan Advantage Group (collectively "Petitioners"). The Court granted Petitioners' Motion to Compel Arbitration on November 3, 2015. Compel Order at 8 (Docket No. 26). In its order compelling arbitration, the Court noted that Respondent did not challenge the validity of the Arbitration Agreement at issue, and that the parties had agreed that the Arbitration Agreement delegated threshold questions to the arbitrator by incorporating the American Arbitration Association Rules. *Id*. at 4.

    With those observations in mind, the Court held that the issues of whether the dispute should be arbitrated on an individual or class-wide basis and the arbitrability of

1   Respondent's PAGA claims were threshold questions to be decided by the arbitrator. *Id.* at
2   5-7. The Court stayed all of Respondent's claims pending a decision by the arbitrator, and
3   noted that if the arbitrator decided that the PAGA claims are not arbitrable, those claims
4   would be stayed pending arbitration of Respondent's other claims due to their derivative
5   nature. *Id*. at 7-8. The parties stipulated to arbitrate before JAMS, and an arbitrator was
6   assigned on April 5, 2016. Mot. at 5 (Docket No. 34). The matter is currently in
7   arbitration, and a hearing regarding the threshold issues of clause construction regarding
8   class and representative arbitration was held on June 29, 2016.

9   In the instant motion, Petitioners seek to enjoin an action filed by Respondent's
10  counsel on May 4, 2016 in Alameda County Superior Court, on behalf of Plaintiff James
11  Patrick Souza, Jr. *See* Ex. A to Notice of Duplicative Action (Docket No. 38). Briefing
12  was timely completed on the instant motion. *See* Opp'n (Docket No. 40); Reply (Docket
13  No. 41). Mr. Souza's claim is a "PAGA only" action, raises the exact same violations,
14  facts and theories as Respondent's complaint, and is governed by the same Arbitration
15  Agreement as Respondent's claims.

## LEGAL STANDARD

Although the Federal Arbitration Act ("FAA") requires courts to stay their own proceedings where the issues being litigated are subject to an agreement to arbitrate, 9 U.S.C. § 3, "it does not specifically authorize federal courts to stay proceedings pending in state courts." *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir. 1981) (*overruled on other grounds by Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997)). Therefore, the district court's authority to enjoin state-court proceedings is subject to the legal and equitable standards for injunctions generally.

The Anti-Injunction Act, 28 U.S.C. § 2283, establishes "the general rule that courts of the United States shall not enjoin proceedings in state courts." *Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991). However, the Act establishes three specific exceptions to the general rule: A federal court may enjoin state proceedings

"only 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' " *Id.* (quoting the Anti-Injunction Act).[1] These exceptions to the Anti-Injunction Act must be construed narrowly. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

Unless one of the three statutory exceptions applies, a federal injunction restraining prosecution of a lawsuit in state court is absolutely prohibited. *Belzberg*, 834 F.2d at 739-40. Doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed. *Id.* at 739; *Atl. Coast Line*, 398 U.S. at 297. Furthermore, the fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue, *Blalock Eddy Ranch v. MCI Telecomms. Corp.,* 982 F.2d 371, 375 (9th Cir. 1992), and the decision whether to enjoin a state court proceeding pursuant to the narrow exceptions in the Anti-Injunction Act is committed to the discretion of the district court. *Bechtel Petroleum, Inc. v. Webster,* 796 F.2d 252, 253 (9th Cir. 1986).

**DISCUSSION**

**I.   The Anti-Injunction Act Applies, Regardless of the Order of Filings**

As the parties are aware, Petitioners' motion to enjoin was filed prior to the filing of Mr. Souza's claim in state court. The Anti-Injunction Act only prohibits interference in a "pending" state proceeding. *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2 (1965). Circuit Courts are in disagreement as to whether the Anti-Injunction Act applies when the federal suit is filed first – i.e., if a court considering whether a state action is "pending" should

---

[1] Petitioners argue that the All Writs Act provides an additional basis upon which the Court may grant its requested relief. 28 U.S.C. § 1651 ("all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions"). However, because an order enjoining prosecution of Mr. Souza's state court claim would necessarily have the effect of staying the claim, the Court finds that the Anti-Injunction Act provides the proper framework for its analysis. *See Los Angeles Mem'l Coliseum Com'n v. City of Oakland*, 717 F.2d 470, 473 (9th Cir. 1983).

look only at the time the motion to enjoin was filed, or if it may consider subsequent filings. The Ninth Circuit has not spoken on this issue.

The Seventh, Eighth, and First Circuits have held that the Anti-Injunction Act does not apply when the federal suit is filed prior to the state suit; rather, courts should decide whether a state court suit is pending at the "time when the federal court's injunctive powers are invoked." *Barancik v. Inv'rs Funding Corp.*, 489 F.2d 933, 936-37 (7th Cir. 1973*); see also Nat'l City Lines v. LLC Corp.*, 687 F.2d 1122, 1127 (8th Cir. 1982); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 n.6 (1st Cir. 1988). The general reasoning behind the Seventh, Eighth and First Circuits' holdings is that "the court, not the defendant, should have the ultimate power to determine the scope of its authority." *Id.* at 937. As stated by the *Barancik* Court:

> [Unless the inquiry is made at the time of the motion to enjoin,] a litigant would have an absolute right to defeat a well-founded motion by taking the very step the federal court was being urged to enjoin. [. . .] [I]f a federal court took time for fair consideration of the merits of a request for an injunction, the court would deliberate at its peril; its authority to rule on the pending motion could be terminated by the action of one of the litigants. We consider this possibility unseemly.

*Id*. The *Barancik* Court noted that some courts may construe the Anti-Injunction Act to require the federal court to protect its authority "by promptly issuing a temporary restraining order," but cautioned against such construction, because it "might encourage the liberal granting of the kind of protective orders the statute was intended to prevent." *Id.* at 938. Thus, according to the Seventh, Eighth and First Circuits, the requisite "pending" nature of the state court proceeding is evaluated at the time the motion to enjoin is filed in federal court.

By contrast, the Sixth, Second and Fifth Circuits have held that the Anti-Injunction Act applies, regardless of the order of the filings. *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 533 (6th Cir. 1978), *cert dismissed*, 442 U.S. 925 (1979); *Standard Microsystems Corp. v. Texas Instruments*, 916 F.2d 58, 61-62 (2d Cir. 1990); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 885 (5th Cir. 1993). The general

4

1   reasoning behind the Sixth, Second and Fifth Circuits' holdings is that the Anti-Injunction
2   Act should be construed narrowly and literally to prohibit injunctions unless the injunction
3   falls within one of the three enumerated exceptions. *Roth*, 583 F.2d at 533 (citing *Vendo*
4   *Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion)); *see also*
5   *Amalgamated Clothing Workers of Am. v. Richman Bros.*, 348 U.S. 511, 514 (1955)
6   ("Congress made clear beyond cavil that the prohibition is not to be whittled away by
7   judicial improvisation.").

8   The *Roth* Court found that the *Barancik* Court's rational amounted "to a whittling
9   away of the statute and a judicial improvisation which the Supreme Court has expressly
10  abjured." 583 F.2d at 533. Likewise, the *Standard Microsystems* Court described the
11  *Barancik* ruling as "an exception to the [Anti-Injunction] Act created by judicial decision
12  in the Seventh Circuit." 916 F.2d at 61. Notably, the *Roth* Court disagreed with
13  *Barancik*'s stance that to hold otherwise would create an "unseemly race to the state
14  courthouse" while a motion to enjoin is pending (*Barancik*, 489 F.2d at 935 n.5) by stating:

> As long as the commencement of state proceedings in any way affects or triggers the operation of the anti-injunction statute, a race is assured, unseemly or not. What attorney worth his salt, learning that federal proceedings were about to start, would fail to race to the state courthouse beforehand if it suited his client's interests to do so? *Barancik* does not eliminate the race; it merely moves the finish line.

19  *Roth*, 583 F.2d at 532-33.

20  This Court finds the reasoning of the Sixth, Second and Fifth Courts convincing.
21  The Court does not believe that finding that the Anti-Injunction Act applies to cases such
22  as this one would lead to courts granting temporary restraining orders in an overly liberal
23  fashion, *Royal Insurance*, 3 F.3d at 885; furthermore, the Court does not believe that
24  finding otherwise would prevent a "race to the courthouse" in any meaningful way.
25  Instead, the Court chooses to rely on the plain language of the statute, which provides for
26  three enumerated exceptions – nothing more. For these reasons, the Court finds that the
27  Anti-Injunction Act applies to these facts, even though Mr. Souza's state court claim was
28  filed after Petitioners' motion in this Court.

**II.     No Exception to the Anti-Injunction Act Applies to the Instant Facts**

In ruling on Petitioners' motion, the Court must examine any relevant exceptions to the Anti-Injunction Act to determine whether, narrowly construed, any exception permits the Court to grant the requested injunction. A court may enjoin state proceedings in only three situations: (1) "to protect or effectuate [the Court's] judgments"; (2) "as expressly authorized by Act of Congress"; or (3) "where necessary in aid of [the Court's] jurisdiction." 28 U.S.C. § 2283.

> *A.     The Court need not enjoin or stay Mr. Souza's action in order to "protect or effectuate its judgments."*

The exception "to protect or effectuate [the Court's] judgments" is often referred to as the "relitigation exception." "[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 148 (1988). Courts have found that where, as here, a motion to compel arbitration is the only claim before the district court, an order compelling arbitration is "deemed to dispose of the entire case" and therefore is a final judgment. *See Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1302 (9th Cir. 1994) (collecting cases).

In some cases where the state court action "seeks to relitigate the validity of the arbitration clause and obtain judicial resolution of the underlying dispute," an injunction may be necessary to protect the federal court's judgment. *See Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002); *TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1297 (11th Cir. 1998) ("When a federal court has ordered arbitration, a stay of the state-court action may be necessary to insure that the federal court has the opportunity to pass on the validity of the arbitration award."). In the instant motion, Petitioners contend that Respondent's counsel, by way of Mr. Souza's claim, attempts to relitigate two issues that were already decided by this Court: (1) that the Arbitration Agreement (signed by both Mr. Malone and Mr. Souza) is valid; and (2) that an arbitrator should decide if a PAGA

claim is arbitrable.[2] Mot. at 12.

The Court disagrees with Petitioners' portrayal of the similarities of the two cases, and finds that the claims are sufficiently different – substantively and procedurally – that Mr. Souza's state court litigation would not prevent the Court from protecting or effectuating its judgments. Mr. Souza's claim is a PAGA only claim. Opp'n at 9. Respondent's counsel also states that Mr. Souza will challenge the validity of the Arbitration Agreement in state court. *Id.* The Court did not decide whether a PAGA only claim must be submitted to arbitration; only that the unchallenged Arbitration Agreement clearly and mistakenly delegated the issue of arbitrability to the arbitrator. *See* Compel Order at 4. Thus, the state court is free to decide whether the Arbitration Agreement at issue is valid, and whether Mr. Souza's PAGA only claim must be arbitrated, without treading on this Court's judgments. For these reasons, the Court finds that the relitigation exception does not apply to the instant action.

### B.   *Congress did not "expressly authorize" an injunction or stay under the instant facts.*

The second exception to the Anti-Injunction Act applies when Congress expressly grants a federal court authority to enjoin proceedings. Petitioners contend that the removal statute, 28 U.S.C. § 1446, expressly authorizes this Court to enjoin Mr. Souza's state court action.[3] Mot. at 13. The Supreme Court has held that the removal statute confers this power on federal courts. *Mitchum v. Foster,* 407 U.S. 225, 234 (1972). Furthermore,

---

[2] Respondent's action also contains a PAGA claim. Thus, Petitioners argue that Mr. Souza is technically an "aggrieved employee" encompassed by Respondent's PAGA claim. Mot. at 2. Respondent correctly states that overlapping PAGA claims brought by different individuals pose no problem; it is only when one PAGA action has been litigated to judgment that a court may enjoin a later-filed PAGA case. Opp'n at 6 (*citing O'Connor v. Uber Techs., Inc.*, No. 13-CV-3826-EMC, 2016 U.S. Dist. LEXIS 13803 (N.D. Cal. Feb. 4, 2016)).

[3] Respondent notes that the *Malone* action is a putative class action and was thus removed pursuant to CAFA, which could not be subverted by Mr. Souza's claim because Mr. Souza's claim is not a putative class action. Opp'n at 7. However, the Court finds this argument to be a distinction without a difference. The Court is not aware of any authority that requires the subversion to be of the particular removal statute under which the federal action was removed.

7

courts have interpreted this holding to include an injunctive power over not only cases that have been actually removed, but also to allow courts to enjoin subsequent state court actions filed for the purpose of "subverting federal removal jurisdiction." *Belzberg*, 834 F.2d at 740; *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997) ("It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court.").

According to Petitioners, Mr. Souza's claim clearly intends to circumvent this Court's removal jurisdiction. Mot. at 14. Petitioners point out that Mr. Souza is a putative class member of Mr. Malone's action, would also be represented by Mr. Malone's PAGA claim, and purposely avoided removal jurisdiction by disclaiming any penalties exceeding $74,999. *Id*. Respondent contends that Mr. Souza is the "master of his complaint," and may properly plead a limit on his recovery to remain in state court; therefore, the actions of Mr. Souza and Respondent's counsel do not rise to the level of fraudulent intent to subvert the removal statute. Opp'n at 6-7.

The Court finds that the state court has jurisdiction over Mr. Souza's state court action and should be free to make its own rulings with regard to the state law issues implicated by those proceedings, just as Mr. Souza is free to disclaim damages over $74,999 to remain in state court. It is possible that the state court's decisions will affect Mr. Malone's PAGA claim if the state court action is litigated to judgment first.[4] However, this does not mean that Mr. Souza's state court filing subverted Petitioners' right of removal. In short, Petitioners have the right to have a federal court decide the *Malone* case, but they do not have the right to have every issue in that case decided by the federal court, regardless of the validity of the state court's jurisdiction to consider the issue in another proceeding. *See Atl. Coast Line R.R*, 398 U.S. at 295 (state court's assumption of

---

[4] At the July 11, 2016 hearing, Petitioners' counsel answered one of the Court's questions by informing the Court that the parties in *Malone* had stipulated – and the arbitrator agreed – to send Mr. Malone's PAGA claim back to Court, where it will be stayed until arbitrator makes a decision on the remaining claims. Considering this, it is possible that Mr. Malone's PAGA claim would not be affected at all.

concurrent jurisdiction over state law claims and issues related to federal court judgment did not hinder federal court's jurisdiction; injunction not necessary to protect federal jurisdiction). For these reasons, the Court finds that this exception does not apply.

### C. An injunction or stay is not "necessary in aid of [the Court's] jurisdiction."

Under the "necessary in aid of its jurisdiction" exception, the general rule is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts. *Atl. Coast Line R.R.*, 398 U.S. at 295. "Necessary in aid of" is "similar to the concept of injunctions to 'protect or effectuate' judgments." *Id.* Neither exception applies unless the injunction is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the "necessary in aid of" exception. *See Alton Box Bd. Co. v. Espirit De Corp.*, 682 F.2d 1267, 1272-73 (9th Cir. 1982).

As discussed above with regard to the relitigation exception, the Court is not convinced that Mr. Souza's state action would impair this Court's ability to decide the *Malone* action. The exceptions to the Anti-Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed. *Vendo*, 433 U.S. at 630; *Alton Box*, 682 F.2d at 1271. Most cases that meet this exception are MDL cases, cases that are deep in the discovery process, cases where settlement is imminent or being negotiated, and cases where counsel's procedures are considered collusive. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1095 (9th Cir. 2008). The conduct of Respondent's counsel in this case does not rise to the level of collusive, and no other factors are present that would "seriously impair" this Court's ability to decide the cases between Mr. Malone and Petitioners. *Compare with CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1127-28 (C.D. Cal. 2015) ("allowing the [state] action to proceed would

9

1  eviscerate the arbitration process and make it a hollow formality with needless expense to
2  all concerned.") (internal marks omitted). For these reasons, the Court finds that this
3  exception does not apply.

### III. The Court has Discretion to Deny an Otherwise Permissible Injunction

For the reasons discussed above, the Court finds that the Anti-Injunction Act applies to the case at bar, and that Petitioners have failed to demonstrate that any of the three exceptions to the Act apply. However, even if the Anti-Injunction Act did not apply, or one of the exceptions applied, the decision of whether to issue the injunction is left within the sound discretion of the Court, and is reviewed only for abuse of discretion. *Bechtel*, 796 F.2d at 253; *Quackenbush*, 121 F.3d at 1377. Thus, it is within this Court's discretion to refrain from issuing the requested injunction.

Courts have acknowledged the importance of the Anti-Injunction Act in keeping with "principles of federalism and respect for the sovereignty of the several states and their judicial system." *CarMax*, 94 F. Supp. 3d at 1127-28; *see also Texas Emprs.' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) (referring to the Anti-Injunction Act as a "pillar of federalism reflecting the fundamental constitutional independence of the states and their courts"); *Nat'l City Lines*, 687 F.2d at 1127 n.8 ("The federal court should not, of course, ignore the principles of equity, comity and federalism which might preclude an injunction against state proceedings.") (citation omitted). Keeping these important principles in mind, the Court declines to enjoin Mr. Souza's state court proceeding.[5]

///
///

---

[5] The Court notes that Petitioners have moved to enjoin "Respondent's counsel and/or their client(s), including but not limited to, James Patrick Souza, Jr." from filing and/or prosecuting duplicative claims. However, the inquiry as to the applicability of the Anti-Injunction Act and its exceptions is heavily fact-dependent, and therefore this analysis may only apply to issues fully briefed before the Court. Thus, this Order only applies to Mr. Souza's state court action.

**CONCLUSION**

For the reasons stated above, the Court finds that no exception to the Anti-Injunction Act applies to these facts; and furthermore, the Court otherwise exercises its discretion to refrain from enjoining Mr. Souza's claim in state court. Accordingly, the Court hereby DENIES Petitioners' motion.

**IT IS SO ORDERED.**

Dated: 07/22/16                            _____
                                           THELTON E. HENDERSON
                                           United States District Judge